UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 09-10991-RGS

ANTHONY MCCARTY

v.

VERIZON NEW ENGLAND, INC.
and JEFFREY ROMANO

MEMORANDUM AND ORDER ON
DEFENDANTS' MOTION FOR RULE 11 ATTORNEYS' FEES

March 25, 2011

STEARNS, D.J.

Anthony McCarty, a service technician for Verizon, brought this lawsuit in Worcester Superior Court alleging common-law claims for intentional infliction of emotional distress (Count I), negligent infliction of emotional distress (Count II), trespass (Count III), and respondeat superior (Count IV), all based on the allegedly abusive behavior of Jeffrey Romano, McCarty's direct supervisor at Verizon New England, Inc. On June 10, 2009, Verizon removed the action to federal court, citing the preemptive effect of the Labor Management Relations Act (LMRA), 29 U.S.C. §§ 141-187, and a collective bargaining agreement (CBA) of which McCarty was a beneficiary. Verizon and Romano (collectively Verizon) moved for summary judgment on March 23, 2010. Following a hearing on July 22, 2010, the court on

August 17, 2010, allowed Verizon's motion for summary judgment. Verizon now seeks $49,868.75 in attorneys' fees as a sanction under Fed. R. Civ. P. 11.

BACKGROUND

The essential facts are not in dispute and are laid out in detail in the court's August 17, 2010 Memorandum and Order on Defendants' Motion for Summary Judgment. *McCarty v. Verizon New England, Inc.*, 731 F. Supp. 2d 123 (D. Mass. 2010). For present purposes the following facts are pertinent. On April 15, 1996, McCarty began working at Verizon as a technician installing and repairing telephone lines in Worcester, Massachusetts. McCarty was a member of Local 2325 of the International Brotherhood of Electrical Workers (Union). Verizon and the Union are parties to a CBA. The CBA governed the terms and conditions of McCarty's employment, including hours, pay, performance evaluations, and employee conduct.

> The CBA also contained a "Management Rights" clause which provided
>
> [s]ubject only to the limitations in this Agreement the Company retains the exclusive right to manage its business including (but not limited to) the right to determine the methods and means by which its operations are to be carried on, to assign and direct the work force and to conduct its operations in a safe and effective manner.

CBA § G11.01. Under the authority of this clause, Verizon established a safety management program called Verizon Practices. Among its other provisions, Verizon Practices required local managers to conduct unannounced work site visits,

particularly targeted at underperforming workers, like McCarty. Local managers were also responsible for ensuring that employees completed an accident report following any work-related injury.

On August 30, 2006, Verizon terminated McCarty for violating its Code of Business Conduct, specifically for operating a company motor vehicle while under the influence of a class A substance and crashing his Verizon truck into a Jersey barrier. Later that fall, McCarty filed a workers' compensation claim for injuries that he claimed to have sustained in the accident. He also sought compensation for psychological harms, which he attributed to Romano's "harassing" investigation of his workplace infractions.

The Massachusetts Department of Industrial Accidents (DIA) denied McCarty's claim on November 20, 2006. On appeal, an Administrative Law Judge (ALJ) held two hearings, the first on July 25, 2007, and a second on December 10, 2007. On December 27, 2007, the ALJ issued a written decision rejecting McCarty's appeal. The ALJ's decision was affirmed by the Massachusetts Appeals Court. *McCarty's Case*, 2009 WL 3245454, at *1 (Mass. App. Ct. Oct. 13, 2009).

McCarty filed a second workers' compensation claim with the DIA on May 5, 2009, based on the same facts as the first claim. This claim was dismissed on grounds of res judicata by a second ALJ on March 5, 2010. Simultaneously with the second

workers' compensation claim, on May 13, 2009, McCarty filed this case (originally in state court), asserting the same harms based on the same cluster of facts.

In its August 17, 2010 decision, this court dismissed all of McCarty's claims as barred by the exclusivity clause of the Workers' Compensation Act, Mass. Gen. Laws ch. 152, § 24. In response to Verizon's argument that McCarty's Complaint "was filed without justification and [solely] to impose [a] burden on Defendants," Defs.' Mem. at 12, the court invited Verizon to submit an application for its reasonable attorneys' fees and costs in defending the instant action and ordered McCarty's attorneys to show cause why fees and costs should not be awarded as a sanction pursuant to Fed. R. Civ. P. 11.

## DISCUSSION

As the court explained in its August 17, 2010 Memorandum and Order,

> the central purpose of Rule 11 is to deter baseless filings in district court . . . . Rule 11 imposes a duty on attorneys to certify that they have conducted a reasonable inquiry and have determined that any papers filed with the court are well grounded in fact, *legally tenable*, and 'not interposed for any improper purpose.' An attorney who signs the paper without such a substantiated belief 'shall' be penalized by 'an appropriate sanction.' Such a sanction may . . . include payment of the other parties' expenses." *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990) (emphasis added).

> As the Advisory Committee on the Federal Rules of Civil Procedure further elaborates: [t]he rule continues to require litigants to 'stop and think' before initially making legal or factual contentions. It also, however, emphasizes the duty of candor by subjecting litigants to

4

potential sanctions for insisting upon a position after it is no longer tenable and by generally providing protection against sanctions if they withdraw or correct contentions after a potential violation is called to their attention." Fed. R. Civ. P. 11 Advisory Committee's note.

A claim is frivolous under Rule 11 when it is "either not well-grounded in fact or unwarranted by existing law. *Cruz v. Savage*, 896 F.2d 626, 632 (1st Cir. 1990). "[I]n making Rule 11 determinations, judges should not employ the wisdom of hindsight, but should consider the reasonableness of the attorney's conduct at the time the attorney acted." *Id*. at 633. "However, a litigant's obligations with respect to the contents [of his filings] are not measured solely as of the time they are filed with or submitted to the court, but include reaffirming to the court and advocating positions contained in those pleadings and motions after learning that they cease to have any merit." Fed. R. Civ. P. 11 Advisory Committee's note.

*McCarty*, 731 F. Supp. 2d at 133-134.

The court agrees with Verizon that sanctions pursuant to Rule 11 are warranted for the reasons it identified in its previous decision.

[T]he two failed workers' compensation claims and the Appeals Court's affirmance put McCarty's attorneys on notice of the factual and legal inadequacies of the Complaint because they spoke directly to McCarty's inability to prove that defendants' conduct proximately caused him any harm. Undeterred by these adverse decisions, McCarty's attorneys (Ellis and Weiner) blindly forged ahead for a third pass by bringing this suit in the Superior Court. Verizon cited the LMRA preemption issue when it removed the suit to federal court. Notice of Removal ¶ 4. Verizon flagged the WCA's exclusivity bar in its answer to the Complaint. Defs.' Answer at 5. At the parties' Rule 16(b) scheduling conference on December 21, 2009, the court made it clear to Bopp, one of McCarty's attorneys, that it had serious reservations about whether this case should have been brought at all. Perhaps realizing that the case was on thin ice, Bopp withdrew from the case on [February 25], 2010. McCarty then

5

> brought in attorney Sanchez (a fourth attorney) to represent McCarty
> alone at the Summary Judgment hearing.

*Id.* at 134. Because each of the attorneys earlier identified by the court as a possible subject of sanctions had a different level of involvement, I will address each in turn.

   I.  Attorney Ellis

Attorney Ellis asks the court to relieve the other attorneys from any consideration of Rule 11 sanctions and (magnanimously) volunteers to bear full responsibility for the litigation of the case. Ellis avers that he was "the decision maker" and that attorneys Bopp, Weiner, and Sanchez acted "always under [his] direction, input and supervision." James Ellis Aff. ¶ 4. Verizon labels Ellis's gesture as "outrageous," as "Ellis has not filed a pleading or appeared in Court since the commencement of Plaintiff's lawsuit." Defs.' Reply at 2. The court does not fully share Verizon's umbrage. On the other hand, I am unpersuaded by Ellis's contention that a failure on his part to cause the filing of essentially the same lawsuit a third time (and in tandem with the second workers' compensation claim) would have constituted malpractice. As Verizon fairly points out, no reasonable attorney – particularly one with Ellis's experience with Workers' Compensation Act claims – would have failed to recognize the exclusivity provision as an absolute bar (even apart from the issues of LMRA preemption and res judicata). Defs.' Reply at 3. Thus, the cases on which Ellis relies, *Colleen Curry*, DIA #19858-04, and *Rinaldo*, DIA #39535-96, are

inapposite.  Consequently, Verizon's motion for Rule 11 sanctions against Ellis will be allowed.

   II.  Attorney Weiner

Attorney Weiner states that while he is of counsel to the law firm Ellis & Associates, this action was "filed erroneously under [his] name."  Weiner Aff. ¶ 2.  He avers that he has "had no involvement, whatsoever, in this action."  *Id*. ¶ 3.  His "only involvement regarding Anthony McCarthy [sic] was the prosecution of his claims before the Department of Industrial Accidents."  *Id*. ¶ 7.  The excuse may be questioned – Verizon certainly has its doubts, given Weiner's status at the firm and his twenty-five years at the bar – but coming as it does in the form of a sworn affidavit by an officer of the court and corroborated as it is by Ellis's affidavit, the court will accept it.  Consequently, Verizon's motion for Rule 11 sanctions against Weiner will be denied.

   III.  Attorney Sanchez[1]

For his part, attorney Sanchez argues that he is not deserving of sanctions because he entered an appearance for the limited purpose of representing McCarty at the summary judgment hearing.  Israel Sanchez Aff. ¶ 4.  He avers that in reviewing

---

[1] Although Verizon previously stated to the court at the summary judgment hearing that it "d[id]n't mean to hold Mr. Sanchez responsible," Summ. J. Hr'g Tr. at 15, and that Sanchez was just "being a zealous advocate," *id*., Verizon has reversed course and now affirmatively seeks Rule 11 sanctions against Sanchez.

the file and the record of the case in preparing for the hearing, he "saw no motion to dismiss this case by the Defendants, no[r] did [he] see any admonition by this Court as to the continuation of advocacy in this case." *Id.* ¶ 6. At most, he was aware that "attorney Bopp was requested to file an offer of proof[,] which was accepted by this Court without further comment." *Id.*

Sanchez argues that he was merely fulfilling an attorney's role as a zealous advocate for his client. As this court stated in its August 17, 2010 decision,

> [a]n attorney's equally important role is that of a counselor, that is, one learned in the law and skilled in the giving of advice. *See* Daniel R. Coquillette, *The Anglo-American Legal Heritage* 265-266 (1999). *See also Cruz*, 896 F.2d at 634 ("[T]here is a point beyond which zeal becomes vexation, the 'novel' approach to a legal issue converts to frivolity and steadfast adherence to a position transforms to obdurateness. Here, [the plaintiff's attorney's] judgment was clouded by [his] excessive zeal to the point that [his] performance became unlawyerly.") (quoting the district court's opinion, 691 F. Supp. 549, 556 (D.P.R. 1998)).

*McCarty*, 731 F. Supp. 2d at 134 n.10. Sanchez's twenty-five years as a member of the Massachusetts bar gives the court pause over his claim that he "conducted reasonable inquiry to conclude that this case was, and is, well grounded and legally tenable." Israel Sanchez Aff. ¶ 22. However, it is true that Sanchez joined the case at the last minute and did not participate in the prior workers' compensation

8

litigation.[2] Nor, as the court previously concluded, is it apparent that he was aware of the court's warning at the scheduling conference that the case gave every appearance of being frivolous.[3] *See McCarty*, 731 F. Supp. 2d at 134. Consequently, the court will give Sanchez the benefit of the doubt. Verizon's motion for Rule 11 sanctions against Sanchez will be denied.

IV. Assessing Attorneys' Fees

The court is satisfied with Verizon's accounting of the $49,868.75 in attorneys' fees that it incurred in defending the McCarty lawsuit. While I am of the view the case should not have been brought at all, the issue before the court is sanctions and not fee-shifting. I will therefore award sanctions, as the Advisory Committee's note suggests is proper, from the date on which the court informed counsel that in its view, the case was meritless, that is, December 21, 2009. As I estimate from the docket and the travel of the case that seventy percent of the litigation effort occurred after that date, I will award Verizon seventy percent of the fees that it incurred, that is, $34,908.12. That sum is to be assessed against attorney Ellis personally.

---

[2] I note that the decision of the Massachusetts Appeals Court rejecting McCarty's workers' compensation case was unpublished.

[3] It will be recalled that Mr. Bopp, the third attorney Ellis brought into the case, heeded the court's advice and withdrew from the case on February 25, 2010. Attorney Bopp is not a subject of Verizon's sanctions motion.

ORDER

For the foregoing reasons, Verizon's motion for attorneys' fees under Rule 11 is <u>ALLOWED</u> as to attorney Ellis, but <u>DENIED</u> as to attorneys Weiner and Sanchez. Ellis is ordered to pay Verizon for attorneys' fees in the amount of $34,908.12 as a sanction for persisting in a baseless and harassing lawsuit.

        SO ORDERED.

        /s/ Richard G. Stearns

        _____
        UNITED STATES DISTRICT JUDGE